NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
NICKY GENE BYRD,                :
                                : Civil Action No. 14-6473 (RMB)
        Petitioner,             :
                                :
        v.                      :
                                :
JORDAN HOLLINGSWORTH,           :
                                : **MEMORANDUM OPINION**
        Respondent.             :
_____:

**BUMB, District Judge:**

   This matter comes before the Court upon Petitioner's filing of a § 2241 application ("Petition"), which arrived accompanied by Petitioner's filing fee. See Docket Entry No. 1.

   Petitioner is a federal prisoner currently confined at the FCI Fort Dix, Fort Dix, New Jersey. See id. at 1. He indicated that he is serving a 180-month term imposed on September 15, 2008, by the United States District Court for the Middle District of North Carolina ("Sentencing Court"). See id. at 1; see also Docket Entry No. 1-1, at 7, 9 (directing Petitioner's federal term to run concurrently with his state sentence). The record provided by Petitioner shows that his conviction resulted from his guilty plea to the charge of being a convicted felon in possession of ammunition.[1] See Docket Entry No. 1-1, at 6; see

---

[1] That plea was entered as to one count out of the two counts Petitioner was charged with, and the second count

also Docket Entry No. 1, at 1. Petitioner did not seek habeas review under 28 U.S.C. § 2255, see generally, Docket Entry No. 1, and this Court's own research of the records of the United States Court of Appeals for the Fourth Circuit suggests that Petitioner did not challenge his conviction or sentence on direct appeal. Petitioner's period of limitations to seek § 2255 review expired more than five years ago.[2]

Petitioner, however, is challenging his conviction and sentence in the § 2241 Petition at bar. See Docket Entry No. 1. He asserts that his counsel provided him with ineffective assistance by failing to raise a certain affirmative defense, and that his Sentencing Court erroneously admitted certain evidence and incorrectly calculated his sentence. See id. at 2.

Extensively elaborating on these contentions, see id. at 2-5, Petitioner now seeks release from his federal confinement.

---

(charging Petitioner with being a felon in possession of a firearm) was dismissed upon his guilty plea. See Docket Entry No. 1-1, at 1 and 6.

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations period for § 2255 motions. See 28 U.S.C. § 2255(f). If a defendant does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, a defendant's notice of appeal must be filed in the district court within fourteen days after the entry of the judgment. Hence, Petitioner's one-year AEDPA period was triggered fourteen days after September 15, 2008, and expired one year later, i.e., September 28, 2009.

See id. at 6. This Court, however, is without § 2241 jurisdiction to entertain the Petition.

Generally, after his conviction becomes final, a federal prisoner may challenge the legality of his conviction or sentence only through a motion filed pursuant to § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). And while the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241, such application could be made only in the "rare case" when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In has long been established that "Section 2255 [does not become] inadequate or ineffective merely because . . . the one-year statute of limitations has expired." Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted). Therefore, the phrase "wrongful detention" means that: (a) the petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme

Court decision"; and (b) the petitioner is barred from filing a § 2255 petition. In re Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997). Simply put, the Dorsainvil test turns on whether the litigant was convicted of an act which, by a later decision of the Supreme Court, is no longer qualified as a crime. See Dorsainvil, 119 F.3d at 252.

Petitioner's record indicates that he pled guilty to and was convicted of the offense of being a felon in possession of ammunition, i.e., the act that was never qualified by the Supreme Court as a non-criminal conduct. Thus, the narrow Dorsainvil exception is inapplicable to the Petition at bar, and this Court is constrained to dismiss it for lack of § 2241 jurisdiction.[3]

For these reasons, the Petition will be dismissed.

---

[3] While the Court may construe the Petition as Petitioner's application to the Sentencing Court seeking leave to file a § 2255 motion out of time and, accordingly, may direct the Clerk to forward the so-construed Petition to the Sentencing Court, this Court finds such construction and forwarding not in the interests of justice. However, no statement made in this Memorandum Opinion or the accompanying Order shall be construed as preventing Petitioner from filing, on his own, an application to his Sentencing Court seeking leave to file a § 2255 motion out of time. Moreover, no statement made in this Memorandum Opinion or the accompanying Order shall be construed as expressing this Court's position as to the validity or invalidity of such Petitioner's application, if filed: that matter falls within the sole and exclusive discretion of the Sentencing Court, subject to review only by the Fourth Circuit.

An appropriate Order follows.

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**

Dated: October 24, 2014