<u>NOT FOR PUBLICATION</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| _____ | : |
| NICKY GENE BYRD, | : |
| | : Civil Action No. 14-6473 (RMB) |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| JORDAN HOLLINGSWORTH, | : |
| | : **MEMORANDUM OPINION** |
| Respondent. | : |
| _____ | : |

**BUMB, District Judge:**

This matter comes before the Court upon Petitioner's filing
of a document titled "Motion to Alter or Amend a Judgment or a
New Trial Under Federal Rules of Civil Procedure 59(d)&(e),"
("Motion"). <u>See</u> Docket Entry No. 4 (use of "&" in original).

Petitioner is a federal prisoner currently confined at FCI
Fort Dix, New Jersey; he is serving a 180-month term imposed on
September 15, 2008, by the United States District Court for the
Middle District of North Carolina ("Sentencing Court"). <u>See</u>
Docket Entry No. 1, at 1. Petitioner was convicted and sentenced
upon pleading guilty to the charge of being a convicted felon in
possession of ammunition.[1] <u>See</u> Docket Entry No. 1-1, at 6; <u>see</u>
<u>also</u> Docket Entry No. 1, at 1.  It seems he did not seek habeas

_____

[1] The other charge, <u>i.e.</u>, felon in possession of a firearm,
was dismissed upon Petitioner's guilty plea.  <u>See</u> Docket Entry
No. 1-1, at 1 and 6.

review from the Sentencing Court under 28 U.S.C. § 2255, and did not pursue a direct appeal before the United States Court of Appeals for the Fourth Circuit. Thus, his period of limitations to seek § 2255 review expired more than five years ago.

Petitioner, however, has recently challenged his conviction and sentence in an application filed in this District. See Docket Entry No. 1 ("Petition"). The title of his Petition stated, in no ambiguous terms, "Petition for [a] Writ of Habeas Corpus," see id. at 1, and Petitioner asserted that his counsel provided him with ineffective assistance by failing to raise a certain affirmative defense, and the Sentencing Court erroneously admitted certain evidence and incorrectly calculated his term. See id. at 2. Being presented with the so-titled, the Clerk properly docketed it as a habeas petition filed under 28 U.S.C. § 2241. See Docket.

This Court also addressed the Petition as an application submitted under Section 2241 and dismissed it for lack of jurisdiction upon pointing out that the presumptive mode for challenging a federal prisoner's conviction or sentence is a § 2255 motion, and the fact that Petitioner's period of limitations to seek § 2255 review expired more than five years ago cannot change the fact that Petitioner's challenges should have been pursued by means of a timely Section 2255 motion or a timely direct appeal. See Docket Entry No. 2, at 3 (detailing the same

2

at length and relying on <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002), and <u>Cradle v. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002)). This Court also explained to Petitioner that his challenges could not qualify as a claim falling within the narrow reach of the "safety valve" clause of § 2255, as elaborated upon in <u>In re Dorsainvil</u>, 119 F.3d 245, 252 (3d Cir. 1997). <u>See</u> Docket Entry No. 2, at 4 (pointing out that Petitioner pled guilty to and was convicted of the offense of being a felon in possession of ammunition, <u>i.e.</u>, the act that was never qualified by the Supreme Court as a non-criminal conduct). With that, this Court explained to Petitioner that it was constrained to dismiss his Petition for lack of jurisdiction. <u>See</u> Docket Entries Nos. 2 and 3.

The Motion at bar followed. <u>See</u> Docket Entry No. 4. Attempting to escape the jurisdictional bar, Petitioner has asserted that his Petition, titled "Petition for [a] Writ of Habeas Corpus," should not have been qualified as a Section 2241 application and had to be deemed a petition executed under the All Writs Act, 28 U.S.C. § 1651.[2] <u>See</u> <u>id.</u> at 1.

---

[2] This Court notes, in passing, that the Petition contained not a single mention of the All Writs Act. <u>See</u>, <u>generally</u>, Docket Entry No. 1. The Court also notes that, for the reasons not immediately apparent to this Court, Petitioner's Motion now paired his reliance on the All Writs Act with 18 U.S.C. § 3231, <u>i.e.</u>, the provision that supplies federal district courts with jurisdiction to preside over federal *penal* proceedings rather than render relief in civil matters, which include habeas proceedings akin to this case. <u>See</u> Docket Entry no. 4, at 1.

Petitioner's Motion has also asserted that this Court violated his rights by not issuing him a notice under the holding of <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999). <u>See</u> <u>id.</u> at 1 and 2.  Finally, Petitioner's Motion has alleged that the finality of his judgment of conviction should be deemed non-existent in this District other than his Sentencing Court simply because he entered his guilty plea before the Sentencing Court rather than before this Court.  <u>See</u> <u>id.</u> 2.

"Petitioner's allegations mix apples and oranges, and many other fruits as well."  <u>McKnight v. United States</u>, 2014 U.S. Dist. LEXIS 86164, at *36 (D.N.J. June 25, 2014) (citation omitted).  The All Writs Act is *not* a provision supplying federal courts with jurisdiction to enter habeas relief.  This is so because specific federal statutes (<u>e.g.</u>, the original habeas provision codified as Section 2241, the later-enacted narrower provision, codified as Section 2255 to facilitate review of claims raised by convicted federal prisoners, and another later-enacted narrower  provision, codified as Section 2254 to facilitate review of claims raised by convicted state prisoners) confer jurisdictional mandate expressly enabling habeas relief. <u>See</u> <u>Pennsylvania Bureau of Correction v. United States Marshals Service</u>, 474 U.S. 34, 41-42 (1985) (examining the history and purpose of the All Writs Act in great detail and pointing out that the powers of the All Writs Act are inapplicable where a

4

specific provision has been legislated).  For this reason, the mandate of the All Writs Act cannot be relied upon to circumvent jurisdictional, substantive or procedural requirements of any specific provision, including habeas statutes.  See id.  Rather, the powers conferred by the All Writs Act powers are utilized in extraordinary circumstances where equitable measures are required to facilitate adjudication, e.g., coram nobis or mandamus adjudication, or peripheral aspects of habeas adjudication.  See, e.g., Boumediene v. Bush, 553 U.S. 723, 774 (2008) (citing to Harris v. Nelson, 394 U.S. 286, 299-300 (1969), as a decision interpreting the All Writs Act as a provision allowing the courts to conduct discovery in jurisdictionally-proper habeas corpus proceedings commenced under a relevant enabling habeas statute).

Since the claims raised in the Petition are unambiguously of a habeas nature wholly divorced from the letter, spirit and purpose of the All Writs Act, Petitioner cannot escape the jurisdictional bar by now claiming that his Petition, titled "Petition for [a] Writ of Habeas Corpus," was meant to be an application under the All Writs Act.  Put another way, if Petitioner relies on the All Writs Act in order to challenge his conviction and sentence, his Petition is subject to dismissal for failure to state a viable All Writs Act claim.

Petitioner's Miller-based attack fares even worse.  The holding of Miller is inapposite to applications other than the

5

motions filed pursuant to Section 2255, see Miller, 197 F.3d 644,
and Petitioner has been adamant in his insistence that his
Petition is *not* a Section 2255 motion.  Since Miller has no
relevance to Section 2241 petitions or to petitions filed under
the All Writs Act, or even any other pleading short of § 2255
motion, Petitioner's reliance on Miller is wholly misplaced.

Finally, Petitioner's position that his judgment of
conviction entered by the Sentencing Court lacks finality in all
courts other than the Sentencing Court (because the Sentencing
Court was the tribunal that accepted Petitioner's guilty plea) is
unavailing.  A litigant's judgment of conviction entered by a
court having a certain geographic jurisdiction is binding on all
its sister-courts unless those courts have jurisdiction to review
that judgment under a provision expressly conferring jurisdiction
to perform such collateral review.[3]  Accord Justice Robert
Jackson, Full Faith and Credit: The Lawyer's Clause of the
Constitution, 45 Colum. L. Rev. 1 (1945) (detailing, at length,
why Article IV, § 1 of the United States Constitution, known as
the "Full Faith and Credit Clause," obligates all courts to honor
the "public acts, records, and judicial proceedings of every
other state," and judgments of other courts are entitled to an

---

[3]  Had it been otherwise, every federal prisoner would have
a right to challenge his/her judgment of conviction the very
moment the Bureau of Prisons would transfer him/her to a facility
located outside geographic boundaries of the sentencing court.

even greater degree of respect than laws enacted by other jurisdictions).  Correspondingly, Petitioner's guilty plea entered before the Sentencing Court is binding on all other federal and state courts in this nation and could have been challenged only in a timely Section 2255 action filed with the Sentencing Court[4] or by means of a timely direct appeal filed with the Fourth Circuit (or in a Section 2241 proceeding had the Supreme Court of the United States ruled that one's possession of ammunition was no longer a criminal offense).

In sum, no matter how Petitioner re-qualifies his Petition, this Court is without jurisdiction to address his claims.  For these reasons, Petitioner's Rule 59 Motion, Docket Entry No. 4, will be granted in form and denied in substance, see <u>Pena-Ruiz v. Solorzano</u>, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. 2008) (a motion for reconsideration is deemed granted in form if the court addresses the merits of that motion; however, substantively, the court may reach a disposition identical, either in its rationale or in its outcome, or in both regards, to

---

[4]  Moreover, even for the purposes of Section 2255 review, Petitioner's challenges had to be limited to an attack on the voluntary, intelligent and knowing nature of his plea and could *not* raise claims based on any affirmative defense, evidence admitted into his criminal record, etc.  See <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985); <u>Mabry v. Johnson</u>, 467 U.S. 504, 508-09(1984); <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).

the one previously reached), since the Motion is a facially

meritless, if not outright frivolous.[5]

    An appropriate Order follows.


                             s/Renée Marie Bumb
                             **RENÉE MARIE BUMB**
                             **United States District Judge**

Dated: November 21, 2014

---

    [5] Petitioner's reliance of Rule 59 of the Federal Rules of Civil Procedure is dubious.  Rule 59 is a device of the Federal Rules of Civil Procedure, which governing civil rather than habeas matters.  Thus, Petitioner may resort to Rule 59 only if there is no appropriate devise in the Habeas Rules.  However, that subtle infirmity of Petitioner's Motion is not decisive for the purposes of this Court's analysis at hand in light of the core deficiencies plaguing the Motion.